IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES SECURITIES
AND EXCHANGE COMMISSION,

      Plaintiff,

v.               CIVIL ACTION NO. 2:24-cv-00479

THEODORE MILLER, et al.,

      Defendants.

**ORDER**

The Court has reviewed the letter-form answer/motion to stay (Document 9) filed as to Defendant Bear Investments and Business Consulting, LLC, and the letter-form answer/motion to stay (Document 10) filed as to Defendant Bear Industries, LLC.  Both pleadings have been filed by Defendant Theodore Miller, who appears to be a non-attorney owner of these companies.  As limited liability companies, neither Bear Investments and Business Consulting, LLC, nor Bear Industries, LLC, may appear in federal court without a licensed attorney.

"It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel." *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993) (citing *Osborn v. President of Bank of United States,* 9 Wheat. 738, 829, 6 L.Ed. 204 (1824)).  Accordingly, "the lower courts have uniformly held that 28 U.S.C. § 1654, providing that 'parties may plead and conduct their own

1

cases personally or by counsel,' does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney." *Id.* (collecting cases); *see Givens v. Longwell*, No. 5:22-CV-290, 2023 WL 4544467, at *3–4 (N.D.W. Va. July 5, 2023), *aff'd,* No. 23-1739, 2023 WL 8064747 (4th Cir. Nov. 21, 2023) ("It has uniformly been held by the Fourth Circuit and all of the other circuits that the provisions of 28 U.S.C. § 1654 prohibit a non-attorney individual from representing a corporation in the federal courts."); *Microsoft Corp. v. Computer Serv. & Repair, Inc.*, 312 F.Supp.2d 779, 780 (E.D.N.C.2004) ("[T]he law is well established that a corporation cannot appear *pro se.*"). Likewise, the Fourth Circuit has repeatedly considered—and rejected—the right of individuals to litigate *pro se* on behalf of others. *Wojcicki v. SCANA/SCE&G*, 947 F.3d 240, 244 (4th Cir. 2020) (finding *pro se* relator cannot bring a qui tam FCA action) (citing *Myers v. Loudoun Cty. Pub. Sch.*, 418 F.3d 395, 401 (4th Cir. 2005) (holding "that non-attorney parents generally may not litigate the claims of their minor children in federal court.")).

Wherefore, after careful consideration, the Court **ORDERS** that Documents 9 and 10 be **STRICKEN** inasmuch as Theodore Miller appears to be a non-attorney who improperly filed answers on behalf of Bear Investments and Business Consulting, LLC, and Bear Industries, LLC, which are, therefore, acting without an attorney.

The Court **ORDERS** that **Defendant Bear Investments and Business Consulting, LLC, and Defendant Bear Industries, LLC, have thirty (30) days from the entry of this *Order* to retain duly licensed counsel to note an appearance and represent them in this matter.** Further, the Court notes that, without the appearance of counsel, there is a risk of default being entered against Bear Investments and Business Consulting, LLC, and Bear Industries, LLC.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: September 24, 2024

_____
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA